# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **KEMONI BAILEY,** on behalf of himself and others similarly situated, | : : : |
| Plaintiff, | : CASE NO. 2:20-cv-2610 : |
| v. | : JUDGE : |
| | : MAGISTRATE JUDGE |
| **THE PARADIES SHOPS, LLC,** | : |
| c/o CORPORATION SERVICE COMPANY | : **JURY DEMAND ENDORSED** : **HEREON** |
| 50 WEST BROAD STREET | : |
| SUITE 1330 | : |
| COLUMBUS OH 43215 | : : |
| Defendant. | : |

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Plaintiff Kemoni Bailey ("Bailey" or "Plaintiff"), individually and on behalf of other members of the general public similarly situated, for his complaint against Defendant, The Paradies Shops, LLC ("Defendant" or "Paradies"), for its failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); and the claims pursuant to O.R.C. § 4111.03, 4111.08, and the OPPA are brought as a class action pursuant to Rule 23. The following allegations are based on personal knowledge as to the Plaintiff's own conduct and

are made on information and belief as to the acts of others. Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. §1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendant employed Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Ohio, and Defendant's conduct substantial business in the Southern District of Ohio.

## II. PARTIES

4. Plaintiff Bailey is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5. Plaintiff Bailey was employed by Defendant beginning in or around December of 2020 until March 2020.

6. Plaintiff Bailey was employed as an hourly, non-exempt employee of Defendant as defined in the FLSA and the Ohio Acts.

7. At all times relevant, Plaintiff Bailey was employed as an hourly manager, primarily performing customer service and merchandising responsibilities at Defendant's stores located at John Glenn Columbus International Airport ("Columbus Airport").

8. During his employment with Defendant, Plaintiff and other similarly situated hourly managers and employees were not fully and properly paid in accordance with the minimum requirements of the FLSA for all of their compensable hours worked because Defendant took an automatic meal deduction of 0.5 hours, even when Plaintiff and similarly situated employees were unable to take an uninterrupted 0.5-hour meal break.

9. Defendant did not provide a genuine mechanism to override this automatic meal deduction from Plaintiff and similarly situated employees. Instead, Plaintiff was required to manually make 0.5-hour meal break deductions if employees did not clock out.

10. Plaintiff brings this action on behalf of himself and those similarly situated and has given his written consent to bring this action to collect unpaid overtime compensation under the FLSA. Plaintiff's consent is being filed along with this Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

11. Defendant is a foreign limited liability company that operates and conducts substantial business activities in the Southern District of Ohio, throughout Ohio, and throughout the United States of America.

12. At all times relevant, Defendant was an employer of Plaintiff and other similarly situated hourly employees as defined in the FLSA and the Ohio Acts.

13. Defendant operates and controls and enterprises and employs employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

14. At all times relevant hereto, Defendant was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

### III. FACTS

#### A. Allegations regarding Defendant's meal deduction

15. Plaintiff, Defendant's other hourly managers, and Defendant's other hourly employees are hourly, non-exempt employees.

16. Defendant automatically deducts 0.5 hours from Plaintiff's, Defendant's other hourly managers', and Defendant's other hourly employees' compensable hours on each shift for a meal break, regardless of whether Plaintiff and/or Defendant's other hourly managers and employees took an uninterrupted 0.5-hour meal break.

17. Plaintiff, Defendant's other hourly managers, and Defendant's other hourly employees are regularly unable to take a meal break due to work requirements. At other times, when Plaintiff and Defendant's other hourly managers and employees attempt to take a meal break, the meal break is interrupted or cut short for work purposes.

18. Plaintiff, Defendant's other hourly managers, and Defendant's other hourly employees informed Defendant that they were unable to take a meal break and requested that the automatic meal deduction be removed from their pay. Nevertheless, Defendant's managers regularly refused to remove the meal deduction. At other times, although employees were told that Defendant would remove the deduction, the deductions were not removed.

19. Defendant required managers to add 0.5-hour meal deductions to Plaintiff's, Defendant's other hourly managers', and Defendant's other hourly employees' time punches at the end of every day regardless of whether the hourly employees received an uninterrupted 0.5-hour meal break.

20. Defendant knew or had reason to know it was not compensating Plaintiff, Defendant's other hourly managers, and Defendant's other hourly employees for working during their meal breaks.

21. Defendant either did not have a policy or practice in place to compensate employees for missed or interrupted meal breaks, or if Defendant did have a policy or practice in place, Defendant did not actually follow the policy or practice.

22. Plaintiff and Defendant's other hourly managers and employees regularly worked more than 40 hours per week, or they would have worked more than 40 hours per week if their hours were not reduced by the automatic meal deduction, but they were not paid one and one-half times their regular rate for all of hours worked over 40 as a result of Defendant's automatic meal deduction policy or practice regardless of whether they were able to take an uninterrupted 30-minute meal break.

23. Defendant's failure to compensate Plaintiff and Defendant's other hourly managers and employees as set forth above resulted in unpaid overtime.

24. At all times relevant herein, Plaintiff and Defendant's other hourly managers and employees were employees as defined in the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 §34a.

25. Defendant is and has been an "employer" as that term is defined by the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 §34a.

26. During relevant times, Defendant maintained control, oversight, and direction over Plaintiff and other similarly situated hourly managers and employees, including the promulgation and enforcement of policies affecting the payment of wages, including overtime compensation.

27. During relevant times, Defendant suffered or permitted Plaintiff and those similarly situated to work more than forty (40) hours per workweek, while not compensating them for all such hours worked over forty (40) at a rate of at least one and one-half times their regular rate as a result of Defendant's company-wide policies or practices described above that affect Plaintiff and all other similarly situated employees.

28. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio as well as recordkeeping laws of the State of Ohio.

29. During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein.

30. Defendant is in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages.

### IV. FLSA COLLECTIVE ALLEGATIONS

31. Plaintiff brings his FLSA claims pursuant to 29 U.S.C. §216(b) as a representative action on behalf of themselves and all other similarly situated employees of the opt-in class. The FLSA collective consists of the following:

> All current and former hourly, non-exempt managers and employees of Defendant who worked over 40 hours in any workweek, or would have worked over 40 hours in any workweek but for Defendant's automatic meal deduction policy, but were not properly compensated for all of their overtime hours worked under the FLSA because of Defendant's meal deduction policy during the three years preceding the filing of this Complaint and continuing through the final disposition of this case ("FLSA Collective" or "FLSA Collective Members").

32. Plaintiff and putative FLSA Collective Members were all subject to the same policies or practices described above which resulted in unpaid overtime.

33. During some or all of the last three years, Defendant did not compensate Plaintiff and the putative collective members for any time spent performing substantial duties for Defendant's benefit because employees were unable to take uninterrupted meal breaks.

### V. RULE 23 ALLEGATIONS

34. Plaintiff brings his Ohio Wage Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of himself and all other members of the following class:

> All Ohio current and former hourly, non-exempt managers and employees of Defendant who worked over 40 hours in any workweek, or would have worked over 40 hours in any workweek but for Defendant's automatic meal deduction policy, but were not properly compensated for all of their overtime hours worked under the Ohio Wage Act because of Defendant's meal during the two years preceding the filing of this Complaint and continuing through the final disposition of this case ("Ohio Rule 23 Class" or "Ohio Rule 23 Class Members").

35. The Ohio Rule 23 Class includes all current or former hourly, non-exempt managers and employees employed by Defendant throughout the State of Ohio as defined above.

36. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

37. Plaintiff are members of the Ohio Rule 23 Class and their claims for unpaid wages is typical of the claims of other members of the Rule 23 Class.

38. Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

39. Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Rule 23 Class that they have undertaken to represent.

40. Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

41. Questions of law and fact are common to the Ohio Rule 23 Class.

42. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to their non-exempt employees.

43. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Ohio Rule 23 Class as a whole.

44. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

45. Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class for hours worked in excess of forty hours per week; (b) whether Defendant kept accurate records of the amount of time the Ohio Rule 23 Class was working each day; (c) whether Defendant calculated the Ohio Rule 23 Class's overtime rate of pay as required by the statute; (d) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (e) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Plaintiff and other members of the Ohio Rule 23 Class on account of Defendant's violations of the Ohio Wage Act; and (f) what amount of prejudgment interest is due to Ohio Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

46. A class action is superior to individual actions for the fair and efficient adjudication of Plaintiff's claims and will prevent undue financial, administrative and procedural burdens on

the parties and the Court. Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate its rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION: FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

47. All of the preceding paragraphs are realleged as if fully rewritten herein.

48. This claim is brought as part of a collective action by Plaintiff on behalf of himself and the FLSA Collective.

49. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

50. During the three years preceding the filing of this Complaint, Defendant employed the Plaintiff and the FLSA Collective Members.

51. Plaintiff and the FLSA Collective Members were paid on an hourly basis and worked in non-exempt positions.

52. Plaintiff and the FLSA Collective Members regularly worked in excess of 40 hours in workweeks.

53. Defendant violated the FLSA with respect to Plaintiff and the FLSA Collective Members by, *inter alia*, failing to compensate them at time-and-one-half times their regular rates

of pay for all hours worked over forty (40) hours in a workweek because of Defendant's automatic meal deduction policy.

54. Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

55. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Plaintiff and the FLSA Collective Members are entitled.

56. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

57. As a direct and proximate result of Defendant's conduct, Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the FLSA Collective Members.

## SECOND CAUSE OF ACTION:
## R.C. 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME

58. All of the preceding paragraphs are realleged as if fully rewritten herein.

59. This claim is brought under Ohio Law.

60. Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under Ohio Law.

61. Ohio Law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of

section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

62. Plaintiff and the Ohio Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not paid overtime wages for all of such time spent working.

63. Defendant's company-wide policies or practices, including their automatic meal deduction policy, reduced Plaintiff's and Rule 23 Class Members' compensable hours worked, resulting in unpaid overtime.

64. Plaintiff and the Ohio Rule 23 Class Members were not exempt from the wage protections of Ohio Law.

65. Defendant's repeated and knowing failures to pay overtime wages to Plaintiff and the Ohio Rule 23 Class members were violations of R.C. §4111.03, and as such, Defendant willfully withheld and failed to pay the overtime compensation to which Plaintiff and the Ohio Rule 23 Class Members were entitled.

66. For Defendant's violations of R.C. §4111.03, by which Plaintiff and the Ohio Rule 23 Class Members have suffered and continue to suffer damages. Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the Rule 23 Class Members.

### THIRD CAUSE OF ACTION:
### R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION

67. All of the preceding paragraphs are realleged as if fully rewritten herein.

68. Plaintiff and the Ohio Rule 23 Class Members were employed by Defendant.

69. During all relevant times, Defendant was an entity covered by the OPPA and Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

70. The OPPA requires Defendant to pay Plaintiff and the Ohio Rule 23 Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

71. During relevant times, Plaintiff and the Ohio Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

72. Plaintiff and the Ohio Rule 23 Class Members unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

73. In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

## FOURTH CAUSE OF ACTION:
### RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

74. All of the preceding paragraphs are realleged as if fully rewritten herein.

75. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq.*

76. During times material to this complaint, Defendant was a covered employer, and required to comply with the Ohio Wage Act's mandates.

77. Plaintiff and the Ohio Rule 23 Class Members were covered employees entitled to the protection of the Ohio Wage Act.

78. During times material to this complaint, Defendant violated the Ohio Wage Act with respect to Plaintiff and the Ohio Rule 23 Class Members by failing to properly maintain accurate records of all hours Plaintiff and the Rule 23 Class Members worked each workday and within each workweek.

79. In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

### VII. PRAYER FOR RELIEF

**WHEREFORE**, as to Counts I through IV, Plaintiff requests judgment against Defendant for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Rule 23 Class under Ohio Law;

D. Finding Defendant failed to keep accurate records in accordance with Ohio Law, Plaintiff, the 216(b) Class Members and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E. Awarding to Plaintiff and the FLSA Collective Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to Plaintiff and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

G. Awarding Plaintiff, the FLSA Collective Members, and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

H. Awarding Plaintiff, the FLSA Collective Members, and the Rule 23 Class Members such other and further relief as the Court deems just and proper;

I. Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of the FLSA and Ohio Law;

J. Granting Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

K. Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever;

L. An Order directing Defendant to pay reasonable attorney's fees and all costs connected with this action;

M. Such other and further relief as to this Court may deem necessary, just and proper.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
1550 Old Henderson Rd.
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964

Email: mcoffman@mcoffmanlegal.com

*Attorney for Plaintiff and those similarly situated*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman