# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **KEMONI BAILEY,** on behalf of himself and others similarly situated, : : : **Plaintiff,** : : v. : : **THE PARADIES SHOPS, LLC,** : : : **Defendant.** : | Case No. 2:20-cv-02610 JUDGE ALGENON L. MARBLEY Magistrate Judge Deavers |

## OPINION & ORDER

### I. INTRODUCTION

This matter is before the Court on Defendant The Paradies Shops, LLC's Motion for a Temporary Restraining Order. Doc. 9. Defendant seeks to preclude Plaintiff from sending any further written solicitations about this case to current and former employees of Defendant's various entities located throughout the United States. A Rule 65.1 Conference was held on June 24, 2020 at 8:30 a.m. For the reasons set forth below, the Court **DENIES** Defendant's Motion [#9].

### II. BACKGROUND

On May 22, 2020, Plaintiff Kemoni Bailey filed a Complaint on behalf of himself, and others similarly situated, asserting claims under the Fair Labor Standards Act and Ohio law for a failure to pay full wages. Plaintiff alleges that he and other similarly situated employees were subjected to an automatic meal deduction of 0.5 hours, even when they were unable to take a 0.5-hour meal break.

1

Defendant contends that, both before and after the filing of the underlying Complaint, Plaintiff's counsel has sent written solicitations to current and former employees of Defendant's various entities located throughout the United States. These solicitations, in relevant part, state:

> We have learned from Indeed and Whitepages that you currently hold or previously held an hourly position with Paradies Lagardere aka The Paradies Shops, LLC ("Paradies"). A lawsuit is pending against Paradies for unpaid overtime in Ohio as more fully explained below and you may be affected. The lawsuit has been filed on behalf of all affected Paradies employees regardless of location.
>
> It is our understanding that Paradies takes a 0.5-hour meal break deduction even though employees are often unable to take an uninterrupted meal break. The law describes a meal break or bona fide meal period as:
>
>> Not worktime. Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. The employee must be completely relieved from duty for the purposes of eating regular meals. . . . The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating.
>
> It is our understanding that employees are regularly unable to take a meal break because they are busy performing job duties. If you have had a meal deduction taken even though you were unable to enjoy a 0.5-hour meal break that was entirely uninterrupted by job duties, it is possible that you were not paid all overtime wages you earned.
>
> If you are interested in speaking with an attorney to explore whether you may have claims of unpaid wages and/or overtime, please call our office . . . . This consultation is **FREE** and will be completely confidential.

Thus far, these solicitations have been sent to individuals in Florida, Tennessee, Texas, Ohio, and Georgia. Defendant has made several unsuccessful requests to Plaintiff's counsel, asking that further solicitations to current and former employees immediately cease. Defendant believes these communications are coercive and misleading and will have the effect of "stirring up" litigation in other jurisdictions across the country. Defendant, therefore, comes to the Court seeking injunctive relief in the form of a temporary restraining order precluding Plaintiff from any further solicitation of potential collective action members.

### III. LAW AND ANALYSIS

A temporary restraining order is an emergency measure. *ApplianceSmart, Inc. v. DeMatteo*, 2018 WL 6727094, at *2 (S.D. Ohio Dec. 21, 2018). Federal Rule of Civil Procedure 65(b) requires a court to examine, on application for a temporary restraining order, whether "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant." Fed. R. Civ. P. 65(b)(1)(A). A temporary restraining order is "meant to prevent immediate and irreparable harm to the complaining party during the period necessary to conduct a hearing on a preliminary injunction." *DeMatteo*, 2018 WL 6727094, at *2 (internal quotations omitted). Thus, "although some courts would examine the four factors required for issuance of a preliminary injunction, a focus on the irreparability and immediacy of harm is all that is required." *Id.* (internal quotations omitted).

#### A. Irreparability of Harm

The first factor the Court must consider is the irreparability of harm Defendant would face absent injunctive relief. Defendant maintains that Plaintiff's written solicitations to current and former out-of-state employees of Defendant's various entities will have the prejudicial effect of stirring up litigation in other jurisdictions.[1] Additionally, Defendant contends that Plaintiff's solicitations misrepresent the law governing this action. Defendant cites one example:

---

[1] Defendant suggests that the Supreme Court's decision in *Bristol-Meyers Squibb Company v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017), "likely precludes" the Court from exercising personal jurisdiction over the FLSA claims of prospective plaintiffs employed outside of Ohio. *See Maclin v. Reliable Reports of Texas*, 314 F. Supp. 3d 845, 850 (N.D. Ohio 2018) ("The Court finds that *Bristol-Meyers* applies to FLSA claims, in that it divests courts of specific jurisdiction over the FLSA claims of non-Ohio plaintiffs against Reliable."), *but see Swamy v. Title Source, Inc.*, 2017 WL 5196780, at *2 (N.D. Cal. Nov. 10, 2017) ("This order finds that *Bristol-Meyers* does not apply to divest courts of personal jurisdiction in FLSA collective actions. Unlike the claims at issue in *Bristol-Meyers*, we have before us a federal claim created by Congress specifically to address employment practices nationwide."). Hence, Defendant is

> Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. The employee must be completely relieved from duty for the purposes of eating regular meals. . . . The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating.

Defendant asserts that this representation could mislead recipients into believing that Defendant is required by law to provide employees with a meal break, and that a break that involves eating a snack rather than a meal is compensable. Further, Defendant complains that the solicitations fail to specify that the Court has yet to issue a ruling on the merits of this case, thereby suggesting Defendant has already been found to have violated the law. None of Defendant's grievances, however, demonstrate irreparable harm.[2]

First, the Court is unaware of any authority establishing that "stirring up" litigation in other jurisdictions constitutes irreparable harm. *Cf. Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 24 (1974) ("Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury."). To the contrary, this is nothing more than Defendant claiming an economic injury, which is generally insufficient to establish irreparable harm. *See Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992) (holding harm is not irreparable if fully compensable by money damages).

---

concerned that Plaintiff's solicitations will ultimately stir up litigation in other jurisdictions throughout the country.

[2] During the Rule 65.1 Conference, Defendant raised an additional ground for irreparable harm: Plaintiff obtained the contact information of prospective collective action members through Indeed.com, allegedly in violation of the website's policy. This alleged injury, however, is not one directly inflicted on Defendant. *See Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 105 (6th Cir. 1982) ("A district court abuses its discretion when it grants a preliminary injunction without making specific findings of irreparable injury to the party seeking the injunction[.]"). Instead, the only effect Plaintiff's actions would have on Defendant is the identification of additional litigants, which folds into Defendant's first argument regarding "stirring up" litigation.

Second, Defendant has not met its burden of demonstrating that Plaintiff's solicitation letters to potential collective action members are so prejudicial such as to warrant a complete restraint on further communications. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981) ("[A]n order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties."). Indeed, to the extent Defendant believes Plaintiff's letters misconstrue Defendant's obligations surrounding meal breaks, and fail to portray accurately the status of this case, such representations have no bearing on the validity of any claim brought before a court of law. Rather, Defendant will have a full and fair opportunity to litigate all allegations. Defendant, therefore, has not established that it will suffer an irreparable harm absent injunctive relief.

### B. Immediacy of Harm

Defendant also fails to establish that the urgency of its purported harm justifies immediate relief. This case was filed on May 22, 2020 and Plaintiff has been mailing solicitation letters to current and former employees of Defendant's various entities prior to this date. Moreover, Defendant was aware of these solicitation letters as early as June 5, 2020; yet, Defendant did not file this Motion until over two weeks later. *See Burton v. Kettering Adventist Health Care*, 2020 WL 3265526, at *3 (S.D. Ohio June 17, 2020) ("[D]elay in pursuing relief undercuts claims of irreparable harm and may be considered as circumstantial evidence that the potential harm to plaintiff is not irreparable or as great as claimed."). For all of these reasons, the Court **DENIES** Defendant's Motion.

## IV. CONCLUSION

For the reasons stated herein, the Court **DENIES** Defendant's Motion for a Temporary Restraining Order [#9].

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: June 26, 2020**