IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KEMONI BAILEY, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 2:20-cv-2610 ) ) Chief Judge Algenon L. Marbley ) |
| vs. | ) Chief Magistrate Judge Elizabeth Preston ) Deavers ) |
| THE PARADIES SHOPS, LLC, | ) **JOINT MOTON FOR APPROVAL OF** ) **COLLECTIVE ACTION SETTLEMENT** |
| Defendant. | ) |

Representative Plaintiff Kemoni Bailey and Defendant The Paradies Shops, LLC (collectively, the "Parties") respectfully move this Court for an Order approving their Fair Labor Standards Act ("FLSA") settlement. The settlement was reached by experienced wage and hour counsel during arms-length, good faith negotiations with the assistance of a private mediator.

The following documents are submitted for the Court's approval:

**Exhibit 1**: Collective Action Settlement Agreement and Release (the "Agreement");

**Exhibit 2**: Proposed Notice of Settlement and Claim Form;

**Exhibit 3**: Declaration of Shannon M. Draher; and

**Exhibit 4**: Proposed Order Granting Joint Motion for Approval of Collective Action Settlement and Dismissal With Prejudice.

1

**MEMORANDUM IN SUPPORT**

I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>.

    A. <u>Summary of the Claims and Procedural History</u>.

Representative Plaintiff filed this case on behalf of himself and others similarly situated on May 22, 2020 (the Action).[1] In the Action, Representative Plaintiff alleges that Defendant failed to pay him and others like him for meal breaks that were either never taken or that were interrupted. Representative Plaintiff alleged that failure to pay for these meal breaks resulted in unpaid overtime in violation of the Fair Labor Standards Act (the "FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"). (ECF # 1, 17). Defendant filed an Answer to the Amended Complaint. Defendant denies the allegations asserted in the Action. (ECF # 28).

Representative Plaintiff filed a Motion for Conditional Certification on July 7, 2020. (ECF # 18). Shortly thereafter, to avoid the burden and expense, risk and uncertainty of litigation, the Parties agreed to engage in mediation for the following group of employees:

> Defendant's current and former employees who are identified in Paradies' records as full-time workers, including hourly managers, of The Paradies Shops, LLC, Paradies-Atlanta, LLC, Paradies-Atlanta II, LLC, Paradies-Columbus, LLC, Paradies-DFW 2015 (F&B), LLC, Paradies Shops, L.L.C., Paradies-DTW, LLC Paradies-Metro Ventures, LLC, Paradies-Hartford, LLC f/k/a Paradies-Hartford, Inc., and Paradies-TPA 2014, LLC who worked during the period of May 22, 2017, to August 6, 2020, at the following airports (not including locations of Hojeij Branded Foods, LLC and its affiliates and Taste, Inc. d/b/a Vino Volo and its affiliates): John Glenn Columbus International Airport, Hartsfield-Jackson International Airport, Detroit Metropolitan Wayne County Airport, Dallas/Fort Worth International Airport, Tampa International Airport, Austin-Bergstrom International Airport, Bradley International Airport and/or Asheville Regional Airport (the "Eligible Settlement Participants).

(Settlement Agreement, ¶ 4).

---

[1] Representative Plaintiff filed his Amended Complaint on July 1, 2020.

The Parties then filed a Motion to Stay Pending Mediation. (ECF # 31). The Court granted that Motion on August 12, 2020. (ECF # 33).

Defendant produced the daily time and biweekly payroll records for a representative sample of the Eligible Settlement Participants. Plaintiffs' Counsel engaged the services of a PhD economist to construct a damages model using the information produced by Defendant. The Parties exchanged their damages models and engaged in extensive conversations regarding each Party's model. (Draher Decl. ¶ 21).

Plaintiffs' Counsel also performed an expected value ("EV") calculation. Essentially, the EV is calculated by summing the product of the probabilities of winning at each stage of the litigation and the expected outcome of success and the product of the probabilities of losing at each stage and zero. That is, EV = (probability of win X expected damages) + (probability of loss X $0). The EV was calculated and visualized using the decision tree software TreeAge Pro© (Draher Decl. ¶¶ 15-19).

The Parties participated in a full day mediation with Jerry Weiss on December 8, 2020. Although the Parties were unable to reach an agreement on that date, they continued to diligently work with Mr. Weiss to reach a resolution. After weeks of collaborating with Mr. Weiss, the Parties reached a settlement on December 30, 2020, which was recommended to both Parties by Mr. Weiss. (Draher Decl. ¶¶ 24,25).

      B.      <u>Summary of the Key Settlement Terms</u>.

The total settlement amount is $350,000.00. The total settlement amount exceeds the EV that Plaintiffs' Counsel placed on this case. (Draher Decl. ¶ 26).

The total settlement amount includes: (a) all individual settlement payments to 3,187 Eligible Settlement Participant who become Claimants; (b) a service award of $5,000.00 to

Representative Plaintiff for his services in bringing and prosecuting this Action (for which he will provide Defendant a global release of any potential claims he may have against it); (c) Plaintiffs' Counsel's attorney fees and litigation expenses; and (d) the cost of settlement administration. (Settlement Agreement, ¶¶ 20, 21).

A Notice of Settlement and Claim Form will be sent to the Eligible Settlement Participants. Eligible Settlement Participants who timely return their Claim Form will become Claimants, and Claimants will receive a settlement payment. Only those Eligible Settlement Participants that join the settlement will be bound by the Agreement. (Settlement Agreement, ¶¶14, 15, 23, 26 ).

Settlement Award payments will be calculated based on each Eligible Settlement Participant's number of workweeks during the period of May 22, 2017 to August 6, 2020. This type of allocation is commonly used in class and collective action settlements. (Draher Decl. ¶ 27).

In exchange for the total settlement amount payment and other consideration provided for in the Agreement, the Action will be dismissed with prejudice, and the Representative Plaintiff and the Claimants will release Defendant from federal, state, and local wage-and-hour claims, rights, demands, liabilities and causes of action that were asserted, or could have been asserted, in the lawsuit. (Settlement Agreement, ¶¶ 60-62).

II. PROPRIETY OF APPROVAL OF THE SETTLEMENT.

The Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. Court approval is warranted on all scores.

A. The Seven-Factor Standard is Satisfied.

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 216(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Ents., Inc.*, 2008 WL 2468868 at *1 n.1 (S.D.Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v.*

*United States*, 679 F.2d 1350, 1353–55 (11th Cir.1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Gov't*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven factors to evaluate class action settlements, which are:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir.2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir.1983)), *Crawford*, 2008 WL 4724499 at *3.

The settlement in this case satisfies each of these elements.

    1.    *No Indicia of Fraud or Collusion Exists.*

There is no indicia of fraud or collusion, and "[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary." *Bailey v. Black Tie Mgmt. Co. LLC*, No. 2:19-cv-1677, 2020 U.S. Dist. LEXIS 144274, at *6 (S.D. Ohio Aug. 12, 2020) (quoting *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 598 (E.D. Mich. 2006)). The Agreement was achieved only after arms-length and good faith negotiations between the Parties, with the assistance of a neutral mediator. (Draher Decl. ¶¶ 24-25, 30). As such, there is no indicia of fraud or collusion, and this factor favors approval of the settlement.

      2.      *The Complexity, Expense and Likely Duration of Continued Litigation Favor Approval*.

The policy favoring the settlement of collective actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. *See, Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at *8 (S.D. Ohio Aug. 17, 2018) ("[m]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them") (citations omitted).

If this case had not settled, the Parties would be required to litigate various issues, including but not limited to, whether conditional and/or final certification is appropriate, whether the Eligible Settlement Participants with arbitration agreements can pursue their claims outside of arbitration, whether a two-year or three-year statute of limitations applies, and whether liquidated damages are appropriate. (Draher Decl. ¶ 32).

The Settlement, on the other hand, provides substantial relief to the Eligible Settlement Participants – some of whom may otherwise not have a right to pursue their claims collectively – promptly and efficiently, and amplifies the benefits of that relief through the economies of collective resolution. (Draher Decl. ¶¶ 33-34).

      3.      *Investigation Was Sufficient to Allow the Parties to Act Intelligently*.

The Parties engaged in substantial investigation and analysis prior to negotiating the Settlement. Specifically, Defendant produced the time and payroll data for a representative sample of the Eligible Settlement Participants. Plaintiffs' Counsel engaged the services of a PhD economist to build a damages model. The Parties shared their damages models and engaged in substantial conversations about each Party's model. (Draher Decl. ¶¶ 20-22).

6

As outlined above, before the mediation, Plaintiffs' Counsel used a decision tree software called TreeAge Pro© to calculate an expected value by compounding multiple points of potential risk and applying those values to the damages model. This exercise allowed the Parties to fully appreciate the entire risk picture collectively. Additionally, the legal and factual issues in the case were thoroughly researched by counsel for the Parties, and all aspects of the dispute are well-understood by both sides. (Draher Decl. ¶¶ 15-19, 30).

    4.    *The Risks of Litigation Favor Approval*.

The settlement represents a compromise of disputed claims. Representative Plaintiff alleges that he and others similarly situated were not paid for meal breaks that were never taken or that were interrupted. On the other hand, Defendant denies all such allegations. (ECF # 1, 17, 28). Defendant further claims that more than half of the Eligible Settlement Participants are subject to binding arbitration agreements, which would prevent them receiving notice of this Action and/or participating in this Action on a collective basis. (Draher Decl. ¶ 32).

The Parties also disagree about whether the two-year limitations period for non-willful violations or three-year limitations period for willful violations applies, whether liquidated damages are appropriate, and whether the claims alleged can proceed collectively. (Draher Decl. ¶ 32).

Accordingly, if this case had not settled, it is possible that there would be no recovery for the Eligible Settlement Participants at all.

    5.    *The Opinion of Plaintiffs' Counsel Favor Approval.*

Plaintiffs' Counsel is highly experienced in wage-and-hour collective and class actions. At all times, they have acted in good faith and have vigorously represented the interests of the Eligible Settlement Participants, which include Representative Plaintiff. "The recommendation of Class Counsel, skilled in class actions and corporate matters, that the Court should approve the

7

Settlement is entitled to deference." *Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at *11 (S.D. Ohio Aug. 17, 2018). Accordingly, this factor favors approval of the settlement.

      6.    *The Reaction of Absent Class Members*.

If the Court approves the settlement, the Eligible Settlement Participants will receive a Notice of Settlement and Claim Form and Release. They will be given the option to join the settlement. Only those Eligible Settlement Participants that join the settlement will be bound by the Agreement. Those that do not join the settlement will retain the right to pursue their own claims.

      7.    *The Public Interest*.

"Public policy generally favors settlement of class action lawsuits." *Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at *13 (S.D. Ohio Aug. 17, 2018) (quoting *Hainey v. Parrott*, 617 F. Supp. 2d 668, 679 (S.D. Ohio 2007)). Similarly, in the Court in *Wright*, stated that "the settlement confers immediate benefits on the Eligible Settlement Participants, avoids the risks and expense in further litigation, and conserves judicial resources." *Id.* Thus, just as in *Wright*, the Court should find that this factor supports approval of the Settlement.

    B.    <u>The Settlement Distributions Are Fair, Reasonable and Adequate</u>.

In addition to evaluating the seven factors discussed above, the Court must also "ensure that the distribution of the settlement proceeds is equitable." *Feiertag v. DDP Holdings, LLC*, No. 14-CV-2643, 2016 U.S. Dist. LEXIS 122297, at *18 (S.D. Ohio Sep. 9, 2016) (citations omitted).

      1.    *The Individual Payments are Fair, Reasonable and Adequate*.

To prepare for mediation, the Parties engaged in informal discovery. Specifically, Defendant produced the electronic time and pay records for a representative sample of the Eligible

8

Settlement Participants. Plaintiffs' Counsel engaged the services of a PhD economist to construct a damages model using the data for the representative sample. Plaintiffs' Counsel analyzed this model. This analysis allowed Plaintiffs' Counsel to evaluate the potential damages that might be recovered on behalf of the Eligible Settlement Participants if the case were litigated to verdict. The Parties exchanged their damages models prior to mediation and engaged in significant discussions regarding each Party's model. Plaintiffs' Counsel analyzed Defendant's damages model. This analysis helped Plaintiffs' Counsel appreciate the variables that could impact the potential damages that might be recovered on behalf of the Eligible Settlement Participant's if this case were litigated to verdict. (Draher Decl. ¶¶ 21-23).

In addition, Plaintiffs' Counsel performed an expected value ("EV") calculation. Essentially, the EV is calculated by summing the product of the probabilities of winning at each stage of the litigation and the expected outcome of success and the product of the probabilities of losing at each stage and zero. That is, EV = (probability of win X expected damages) + (probability of loss X $0). The EV was calculated and visualized using the decision tree software TreeAge Pro$^©$.[2] (Draher Decl. ¶¶ 15-19).

The total settlement amount of $350,000.00 exceeds the EV of this case, which is the better measuring stick to use since it accounts for each Party's potential risk of loss. This support Plaintiffs' Counsel experiential opinion that the proposed settlement is fair, adequate, and reasonable. (Draher Decl. ¶ 26).

---

[2] Our Firm was introduced to this type of analysis by Mediator Michael Dickstein, who is widely regarded as one of the foremost wage-and-hour mediators in the country, and who teaches negotiation and mediation at Stanford Law School. There have also been law review articles on the use of decision trees and expected value in litigation and settlements. *See, e.g.,* Marc B. Victor, *Decision Tree Analysis: A Means of Reducing Litigation Uncertainty and Facilitating Good Settlements*, 31 Ga. St. U. L. Rev. (2015).

All individual payments will be calculated proportionally based on the number of workweeks each Eligible Settlement Participant worked during the period of May 22, 2017 to August 6, 2020. As such, each Eligible Settlement Participant will have the opportunity to obtain compensation for alleged unpaid wages that are proportional to the amount of time he or she was employed by Defendant within the period of time covered by the settlement. (Settlement Agreement, ¶ 54).

### 2. Representative Plaintiff's Service Award is Proper and Reasonable.

The Agreement provides for a service award payment of $5,000.00 to Representative Plaintiff, in addition to his individual payment. (Draher Decl. ¶ 28). Courts routinely approve service awards to named plaintiffs in class and collective action litigation, because service awards "are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645, at *21 (S.D. Ohio Dec. 3, 2019) (quoting *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003)). Service awards are meant to "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Id.* (quoting *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, at *7 (N.D. Ohio Mar. 8, 2010)).

Here, the Representative Plaintiff contributed significant time, effort, and detailed factual information enabling Plaintiffs' Counsel to evaluate the strength of this case and reach a settlement of this matter. In addition, Representative Plaintiff has agreed to execute a global release, with limited exceptions, of all of his claims against Defendant in exchange for his service award payment. (Draher Decl. ¶ 28).

### 3. The Attorney Fees to Plaintiffs' Counsel Are Proper and Reasonable.

After the Court has confirmed that the terms of settlement are fair to the Eligible Settlement Participants, it may review the Agreement as to the provision of fees and litigation expenses to Plaintiffs' Counsel.

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). In *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir.1994), *cert. denied*, 513 U.S. 875 (1994), the Sixth Circuit held that the FLSA's mandatory attorney fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley*, 19 F.3d at 1134 (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir.1984)).

The Agreement provides a payment of attorneys' fees to Plaintiffs' Counsel in the amount of one-third of the total settlement amount. A one-third fee amount "is a normal fee amount in a wage and hour case." *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 U.S. Dist. LEXIS 204371, *13 (S.D. Ohio Nov. 25, 2019) (citing *Carr v. Bob Evans Farms, Inc.*, No. l:17-cv-1875, 2018 U.S. Dist. LEXIS 228221 (N.D. Ohio July 27, 2018)); *see, also, Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645, *15 (S.D. Ohio Dec. 3, 2019) (approving an award of 33 1/3% of a settlement fund in a wage and hour case); *Call v. CTA Pizza, Inc.*, No. 2:18-cv-00696, 2019 U.S. Dist. LEXIS 181325, *12 (S.D. Ohio Oct. 21, 2019) (same); *Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657, *16 (N.D. Ohio Mar. 26, 2019) (same); *Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, *21 (S.D. Ohio Aug. 17, 2018) (same); *Osman v. Grube, Inc.*, No. 3:16-cv-00802, 2018

U.S. Dist. LEXIS 78222, *6 (N.D. Ohio May 4, 2018) (same); *Rotuna v. W. Customer Mgmt. Grp., LLC*, No. 4:09CV1608, 2010 U.S. Dist. LEXIS 58912, *22 (N.D. Ohio June 15, 2010) (same).

Plaintiffs' Counsel accepted this case on a contingent fee basis and advanced all litigation fees, costs and expenses. Thus, Plaintiffs' Counsel "assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no guarantee of recovery. This factor weighs in favor of approving the requested fee award." *Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645, at *19 (S.D. Ohio Dec. 3, 2019).

Finally, courts in this district acknowledge that "wage and hour class and collective actions, such as this, are inherently complex and time-consuming." *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 U.S. Dist. LEXIS 204371, at *10 (S.D. Ohio Nov. 25, 2019). Given the inherent complexity of a wage and hour collective action and the disputed issues of fact and law in this case, an award of one-third of the settlement fund appropriately compensates Plaintiffs' Counsel for their prosecution of this case, and advances the public's interests in rewarding attorneys who bring wage and hour cases. *See, e.g., Gentrup v. Renovo Servs., LLC*, No. 1:07CV430, 2011 U.S. Dist. LEXIS 67887, at *14 (S.D. Ohio June 24, 2011) ("society has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters.").

    4.    *The Court Should Authorize Reimbursement to Plaintiffs' Counsel of Their Out-of-Pocket Expenses Incurred in This Case.*

Plaintiffs' Counsel should also be reimbursed their litigation expenses, which as of the date of this Motion are $8,284.50. (Draher Decl. ¶ 37).

"Under the common fund doctrine, Class Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement." *Brandenburg*, 2019 U.S. Dist. LEXIS 204371 at *20. In fact, "[e]xpense awards are

customary when litigants have created a common settlement fund for the benefit of a class." *Id.* Because Plaintiffs' Counsel's litigation expenses were incurred in the prosecution of the claims in this case and in obtaining settlement, the Court should award reimbursement of these expenses to Plaintiffs' Counsel.

III. CONCLUSION.

The Parties submit that this settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the Parties request that this Court: (1) enter the proposed Order Granting Joint Motion for Approval of Collective Action Settlement and Dismissal With Prejudice; (2) approve Plaintiffs' Counsel's request for attorney fees and expenses; (3) approve the requested service payment; and (4) retain jurisdiction to enforce the settlement if necessary.

Respectfully submitted,

| | |
|---|---|
| */s/ Shannon M. Draher* | */s/ Martin B. Heller* |
| Shannon M. Draher (0074304) | Martin Heller (Georgia Bar No. 360538)* |
| Hans A. Nilges (0076017) | JonVieve Hill (Georgia Bar No. 907946)* |
| **NILGES DRAHER LLC** | **FISHER & PHILLPS LLP** |
| 7266 Portage Street, N.W., Suite D | 1075 Peachtree Street, NE, Suite 3500 |
| Massillon, OH 44646 | Atlanta, GA 30309 |
| 330.470.4428 | 404.231.1400 |
| 330.754.1430 (FAX) | 404.240.4249 (FAX) |
| sdraher@ohlaborlaw.com | mheller@fisherphillips.com |
| hans@ohlaborlaw.com | jhill@fisherphillips.com |
| | *Admitted Pro Hac Vice |
| Matthew J.P. Coffman (0085586) | |
| Adam C. Gedlin (0085256) | Matthew A. Parker (0093231) |
| **COFFMAN LEGAL, LLC** | 250 West Street, Suite 400 |
| 1550 Old Henderson Road | Columbus, OH 43215 |
| Suite 126 | 614.221.1425 |
| Columbus, OH 43220 | 614.221.1409 (FAX) |
| 614.949.1181 | mparker@fisherphillips.com |
| 614.386.9961 (FAX) | |
| mcoffman@mcoffmanlegal.com | *Counsel for Defendant The Paradies Shops, LLC* |
| agedling@mcoffmanlegal.com | |

*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2021, the foregoing was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Shannon M. Draher*
Shannon M. Draher

*Counsel for Plaintiffs*

14