IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KEMONI BAILEY, on behalf of himself
and others similarly situated,**

      **Plaintiff,**

Case No. 2:20-cv-2610

vs.

Magistrate Judge Elizabeth P. Deavers

**THE PARADIES SHOPS, LLC.,**

      **Defendant.**

<u>**OPINION AND ORDER**</u>

With the consent of the parties pursuant to 28 U.S.C. § 636(c) (ECF No. 40), this matter is before the Court for consideration of the parties' Joint Motion for Approval of Collective Action Settlement Agreement. (ECF No. 39). For the following reasons, the Motion is **GRANTED.**

**I. BACKGROUND**

Plaintiff Kemoni Bailey ("Plaintiff") filed this action for unpaid overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"); the Ohio Minimum Fair Wage Standards Act O.R.C. Chapter 4111 ("OMFWSA"); and the Ohio Prompt Pay Act ("OPPA"). (Amended Complaint, ECF No. 17 at 1.) Plaintiff alleged that Defendant The Paradies Shops, LLC ("Defendant") failed to pay him and others like him for meal breaks that were either never taken or that were interrupted. (Id at ¶ 7.) Plaintiff alleged that the failure to pay for these meals resulted in unpaid overtime in violation of both the FLSA and Ohio law. *(Id.)* Plaintiff brought the FLSA claim action as a collective action under 29 U.S.C. § 216(b) and the state law claims as a Federal Rule of Civil Procedure Rule 23 class action. (*Id*. at 1.)

1

On July 7, 2020, Plaintiff filed a motion for conditional certification. (ECF No. 18.) Shortly thereafter, the parties agreed to engage in mediation for the following group of employees ("Eligible Settlement Participants"):

> All current and former full-time hourly employees, including hourly managers, of The Paradies Shops, LLC, Paradies-Atlanta, LLC, Paradies-Atlanta II, LLC, Paradies-Columbus, LLC, Paradies-DFW 2015 (F&B), LLC, Paradies Shops, L.L.C., Paradies-DTW, LLC, Paradies-Metro Ventures, LLC, Paradies-Hartford, LLC f/k/a Paradies-Hartford, Inc., Paradies-TPA 2014, LLC who worked during the period of May 22, 2017 to August 6, 2020 at the following airports (not including locations of Hojeij Branded Foods, LLC and its affiliates and Taste, Inc. d/b/a Vino Volo and its affiliates): John Glenn Columbus International Airport, Hartsfield-Jackson International Airport, Detroit Metropolitan Wayne County Airport, Dallas/Fort Worth International Airport, Tampa International Airport, Austin-Bergstrom International Airport, Bradley International Airport, and Asheville Regional Airport.

(ECF No. 39 at 2.)

On December 8, 2020, the parties mediated with mediator Jerry Weiss. (ECF No. 39-3 ,Draher Decl. at ¶ 24.) The parties were unable to reach a settlement on that date but eventually reached a resolution on December 30, 2020. (*Id*. at ¶ 25.) On that same date, the parties filed a joint motion of settlement. (ECF No. 36.)

On January 29, 2021, the parties filed a joint motion to approve their settlement agreement. (ECF No. 39.) The settlement covers 3,187 Eligible Settlement Participants. (ECF No. 39-3 Draher Decl. at ¶ 27.) The total settlement amount is $350,000.00, which represents almost two unpaid meal periods per pay period, a service award to the named Plaintiff ($5,000.00), attorneys' fees ($116,666.67), and costs ($8,284.50). (*Id*. at ¶¶ 26, 28-29.) Plaintiff agrees to release his claims against Defendant. (ECF No. 39-1 at ¶ 60.)

The parties have submitted their settlement agreement, their proposed notice of settlement and claim form, and the declaration of Plaintiff's counsel, Shannon M. Draher. (ECF Nos. 39-1 to 39-3.)

2

## II.  CERTIFICATION OF THE COLLECTIVE CLASS

Initially, "courts must evaluate whether claimants are similarly situated both in deciding whether to allow an FLSA collective action to proceed at the outset, and, if the parties later seek approval of a settlement agreement, in deciding whether to allow a collective action to settle." *Jones v. H&J Restaurants, LLC*, No. 5:19-CV-105-TBR, 2020 WL 6205685, at *1 (W.D. Ky. Oct. 22, 2020) (citing *O'Bryant v. ABC Phones of N. Carolina, Inc.,* No. 2:19-CV-02378, 2020 WL 4493157 at *5, *8 (W.D. Tenn. Aug. 4, 2020)). Thus, under the FLSA, to properly proceed as a collective class, or to properly settle as a collective class, the district court must find—in addition to other factors—that the named plaintiffs and the potential or actual opt-in plaintiffs are similarly situated.  *Id.*  Here, Defendant has consented to the conditional certification of the following collective class for settlement purposes only under the FLSA:

> All current and former full-time hourly employees, including hourly managers, of The Paradies Shops, LLC, Paradies-Atlanta, LLC, Paradies-Atlanta II, LLC, Paradies-Columbus, LLC, Paradies-DFW 2015 (F&B), LLC, Paradies Shops, L.L.C., Paradies-DTW, LLC, Paradies-Metro Ventures, LLC, Paradies-Hartford, LLC f/k/a Paradies-Hartford, Inc., Paradies-TPA 2014, LLC who worked during the period of May 22, 2017 to August 6, 2020 at the following airports (not including locations of Hojeij Branded Foods, LLC and its affiliates and Taste, Inc. d/b/a Vino Volo and its affiliates): John Glenn Columbus International Airport, Hartsfield-Jackson International Airport, Detroit Metropolitan Wayne County Airport, Dallas/Fort Worth International Airport, Tampa International Airport, Austin-Bergstrom International Airport, Bradley International Airport, and Asheville Regional Airport.

(ECF No. 39-1 at ¶ 34.)

To approve an FLSA collective action settlement, a district court need only engage in a one-step process. Because failure to opt in does not bar potential collective action members from bringing their own suits, FLSA collective actions do not implicate the same due process concerns as class actions under Federal Rule of Civil Procedure 23. *Carr v. Bob Evans Farms, Inc.,* No. 1:17-CV-1875, 2018 WL 7508650, at *2 (N.D. Ohio July 27, 2018).  Accordingly, for purposes

3

of approving the current proposed settlement, the Court certifies the collective class as identified by the parties.[1] Further, the Notice of Settlement, set forth in more detail below, is accurate, objective, and informative, and provides the Eligible Settlement Participants with the information necessary to make an informed decision regarding their participation and is **APPROVED.**

### III. LAW & ANALYSIS

"An employee's claims under the FLSA generally are non-waivable and may not be settled without supervision of either the secretary of Labor or a district Court." *Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *2 (S.D. Ohio Dec. 2, 2016). "Thus, the proper procedure for obtaining court approval of the settlement of FLSA claims is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness." *Id.* (internal citations omitted). "If a settlement in an employee FLSA suit reflects a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, the court may approve the settlement in order to promote the policy of settlement of litigation." *Id.* (internal citations omitted).

---

[1] The Agreement at ¶ 34 further provides as follows:

> In the event that: (i) the Court does not enter the order specified herein; (ii) the Court does not approve the Settlement as provided herein; or (iii) the Settlement does not become Final for any other reason, this Agreement shall be null and void and any order or judgment entered by the Court in furtherance of this Settlement shall be treated as void from the beginning. In such a case, any collective action shall be decertified, the Parties shall be returned to their respective statuses as of the date and time immediately prior to the execution of the Agreement, and the Parties shall proceed in all respects as if this Agreement had not been executed. In such case, the Settlement shall not be used or be admissible in any subsequent proceedings, either in this Action, with the Court or in any other Court or forum.

"The Sixth Circuit has identified the following seven factors a court may consider in determining whether the settlement of FLSA claims is 'fair and reasonable:' (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) public interest in the settlement." *Snide v. Disc. Drug Mart, Inc.*, No. 1L11CV244, 2013 U.S. Dist. LEXIS 40078, at *3–4 (N.D. Ohio Feb. 27, 2013) (internal citation omitted). "These factors have also been applied by Courts in evaluating the fairness, reasonableness, and adequacy of an FLSA settlement." *Vigna*, 2016 WL 7034237 at *3.

The parties assert the following factors are relevant to the Court's decision. They further contend parties that all relevant factors weigh in favor of the Court approving this settlement. The Court agrees.

## A. Indicia of Fraud or Collusion

The parties agree that the settlement was achieved only after arms-length negotiations and with the assistance of a neutral mediator. (ECF No. 39 at 5.) "Courts presume the absence of fraud or collusion unless there is evidence to the contrary." *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 598 (E.D. Mich. 2006). There is no evidence of fraud or collision in this case but only evidence of good-faith arms-length negotiations. This factor favors approval of the settlement.

## B. Complexity, Expense and Duration of Litigation

The Parties maintain employment cases, and wage-and-hour cases in particular, are expensive and time-consuming. (ECF No. 39 at 6.) Specifically, with respect to this case, the parties contend that, absent settlement, they "would be required to litigate various issues,

including but not limited to, whether conditional and/or final certification is appropriate, whether the Eligible Settlement Participants with arbitration agreements can pursue their claims outside of arbitration, whether a two-year or three-year statute of limitations applies, and whether liquidated damages are appropriate." (*Id*.; *see also* ECF No. 39-3 Draher Decl. ¶ 32.) Thus, the parties contend that, the settlement "provides substantial relief to the Eligible Settlement Participants – some of whom may otherwise not have a right to pursue their claims collectively – promptly, and efficiently, and amplifies the benefits of that relief through the economies of a collective resolution." (*Id*.; Draher Decl. at ¶¶ 33-34.)

Here, the difficulty Plaintiffs would encounter in proving their claims, the substantial litigation expenses, and a possible delay in recovery arising from the appellate process provide justifications for the Court's approval of the proposed Settlement. *See Mitchell v. Indep. Home Care, Inc.*, No. 2:17-cv-717, 2019 WL 696941, at *3 (S.D. Ohio Feb. 20, 2019) (finding the same); *Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 WL 3966253, at *3 (S.D. Ohio Aug. 17, 2018) (finding the same). If this matter was not settled at this time there likely would be motions practice, case management conferences, trial preparation, and more. This would cause the parties expense and time. Accordingly, this factor weighs in favor of approving this settlement.

### C. Sufficient Investigation

The parties assert that they have engaged in sufficient investigation to allow them to act intelligently. For example, Defendant produced the time and payroll data for a representative sample of the Eligible Settlement Participants. (ECF No. 39 at 6; *see also* Draher Decl. at ¶¶ 20-22.) Plaintiff's counsel hired a PhD economist to build a damages model. (*Id.*) The parties shared and discussed their respective models. (*Id.*) Prior to mediation, Plaintiff's counsel used

6

decision tree software "to calculate an expected value by compounding multiple points of potential risk and applying those values to the damages model." (ECF No. 39 at 7; *see also* Draher Decl. at ¶¶ 15-19.) As a result, the parties fully appreciated the risk picture collectively. Further, counsel thoroughly researched the factual and legal issues and both sides understood all aspects of the dispute. (*Id.*)

"To confirm that [] Plaintiff[] 'ha[s] had access to sufficient information to evaluate [his] case and to assess the adequacy of the proposed Settlement,' the Court must consider the amount of discovery engaged in by the parties." *Wright*, 2018 WL 3966253 at *9 (quoting *In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 374 (S.D. Ohio 2006)). "In considering whether there has been sufficient discovery to permit the plaintiffs to make an informed evaluation of the merits of a possible settlement, the [C]ourt should take account not only of court-refereed discovery but also informal discovery in which parties engaged both before and after litigation commenced." *Id.* (quoting *UAW v. Gen'l Motors Corp.*, No. 05-CV-73991-DT, 2006 WL 891151, at *19 (E.D. Mich. Mar. 31, 2006)). "In this consideration, 'the absence of formal discovery is not unusual or problematic, so long as the parties and the court have adequate information in order to evaluate the relative positions of the parties.'" *Id.* at *9–10 (citing *UAW*, 2006 WL891151, at *19).

In this case the parties engaged in substantial informal discovery including the exchange of a relevant data sample, communication between the parties, analysis of the relevant data sample, and analysis of legal positions. Of specific importance is the use of decision tree to guide the parties' risk-understanding and evaluation. This leads the Court to believe both parties made an informed decision to enter into this settlement agreement. This factor weighs in favor of approving the settlement agreement.

7

### D. Likelihood of Success/Risks of Litigation

The parties contend that, if this case is not settled, it is possible there would be no recovery for the Eligible Settlement Participants at all.  (ECF No. 39 at 7.)  "The most important of the factors to be considered in reviewing a settlement is the probability of success on the merits. The likelihood of success, in turn, provides a gauge from which the benefits of the settlement must be measured." *Wright*, 2018 WL 3966253 at *4 (citing *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 245 (6th Cir. 2011)).

Here, Plaintiff alleges that he and others similarly situated were not paid for meal breaks that either were never taken or were interrupted.  Defendant denies these allegations.  Defendant also asserts that more than half of the Eligible Settlement Participants are subject to binding arbitration agreements, which would prevent them from receiving notice of this action or participating in it on a collective basis.  The parties also disagree about the applicable statute of limitations, the availability of liquidated damages, and whether the claims could proceed collectively.  (*Id.*)  Thus, given this uncertainty, this factor weighs in favor of approving the settlement. *See Wright*, 2018 WL 3966253 at *4-5 (finding the same); *Mitchell*, 2019 WL 696941 at *4-5 (finding the same).

### E. Opinion of Plaintiff's Counsel

The parties state Plaintiff's "counsel is highly experienced in wage-and-hour collective and class actions" and "have acted in good faith and have vigorously represented the interests of the Eligible Settlement Participants."  (ECF No. 39 at 7.) "The recommendation of [] [c]ounsel, skilled in class actions and corporate matters, that the Court should approve the [s]ettlement is entitled to deference." *Wright*, 2018 WL 3966253 at *5; *see, e.g., Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983) ("The court should defer to the judgment of experienced counsel

8

who has competently evaluated the strength of his proofs. . . . [T]he deference afforded counsel should correspond to the amount of discovery completed and the character of the evidence uncovered."); *Kritzer v. Safelite Sols., LLC*, No. 2:10-cv-0729, 2012 WL 1945144, at *7 (S.D. Ohio May 30, 2012) ("The Court gives weight to the belief of experienced counsel that a settlement is in the best interests of the class.").

The Court gives deference to counsel's belief that the settlement is fair and reasonable particularly in light of counsel's experience in this type of litigation. Accordingly, this factor weighs in favor of approving the settlement.

### F. Reaction of Absent Class Members

The parties represent that, if the Court approves the settlement, the Eligible Settlement Participants will receive a Notice of Settlement and Claim Form and Release. These Eligible Settlement Participants will be given the option to join the settlement. Only those Eligible Settlement Participants that join will be bound by the Agreement. Those that do not join the settlement will retain the right to pursue their own claims.

The parties' representations are consistent with the language set forth in the Notice of Settlement and Claim Form and Release. To this end, the parties request that the Court approve and authorize the distribution of the Notice of Settlement, the distribution of the Claim Form and Release, and the process by which Eligible Settlement Participants become claimants entitled to a settlement award payment. The Notice of Settlement specifically advises:

> By returning a properly completed Claim Form and Release you agree to participate in the settlement and will receive a settlement payment. To participate in the settlement, you must return a properly completed Claim Form and Release by [75 days from the date of mailing]. If you participate in the settlement, you agree to be bound by the terms of the settlement, including the release of your wage and hour claims.

Alternatively, it advises:

> If you do not wish to participate in the settlement, you should not return the Claim Form and Release. If you do not timely return a properly completed Claim Form and Release [75 days from date of mailing], you will not receive a settlement payment.
>
> The Claim Form and Release itself explicitly sets forth a "Consent to Join" stating:
>
> I understand that this lawsuit is being brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA") and related state laws. Pursuant to 29 U.S.C. 216(b), I hereby consent and agree to join the case of *Kemoni Bailey v. The Paradies Shops, LLC*, Case No. 2:20-cv-2610. I consent and agree to be bound by any action by the Court. I further agree that the Representative Plaintiff in the Action shall act as my agent and make all decisions on my behalf concerning the Action, including the settlement thereof. I hereby designate the law firm of Nilges Draher LLC and Coffman Legal, LLC to represent me in this action.

(ECF No. 39-1 at 26-29.)

### G. Public Interest

The final factor the Court must consider is whether the public interest would be served by settlement. Because the parties' Settlement Agreement would end potentially long and protracted litigation, the Court finds that this factor weighs in favor of approval. *Kritzer,* 2012 WL 1945144 at *8. ("While this case is not of general public interest, the public interest in favoring settlement certainly applies here, as the proposed settlement ends potentially long and protracted litigation."). In sum, each of the seven fairness factors weighs in favor of approving the parties' Settlement Agreement.

### H. Reasonableness of the Settlement Distributions

The parties' Agreement allocates attorneys' fees for Plaintiff's counsel in the amount of $116,666.67, one-third of the total settlement amount. (ECF No. 39-3 Draher Decl. at ¶ -29.) Additionally, the Settlement Agreement provides Plaintiffs' counsel $8,284.50 in expenses which includes out-of-pocket expenses incurred in "preserving, proving, presenting, and attempting to settle the claims asserted in this action." (*Id*. at ¶ 37.) The agreement also

provides for a service award payment in the amount of $5,000.00 to the Representative Plaintiff, in addition to his individual payment. (*Id.* at ¶ 28.)

If an employer is found liable under the FLSA, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant and costs to the action." 29 U.S.C. § 216(b). In determining the reasonableness of fees, the Court is cognizant that "[t]he purpose of the FLSA attorney fees provision is to ensure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). Further, "an award of attorney fees [] encourages the vindication of congressionally identified policies and rights." *Id.* at 1134–35. District courts have approved collective and class actions fee requests when the fee is one-third of the total settlement amount. *See e.g.*, *Bessey v. Packerland Plainwell, Inc.*, No. 4:06-cv-95, 2007 WL 3173972, at *4 (W.D. Mich. Oct. 26, 2007) (citing *Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 972 (E.D. Tex. 2000) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery."). The Court finds that the fee-request here, seeking one-third of the total settlement agreement, is reasonable.

Moreover, the proposed $5,000.00 service award set forth in the Settlement Agreement is within the range awarded by district courts in this Circuit and in wage and hour actions in other jurisdictions. *Swigart v. Fifth Third Bank*, 2014 WL 3447947, *7 (S.D. Ohio July 11, 2014) (approving "modest class representative award" requests of $10,000 to each of the class representatives in FLSA/Rule 23 hybrid action); *Abadeer v. Tyson*, 3:09-cv-00125, Dkt. 420 (M.D. Tenn. October 17, 2014) (approving service awards ranging from $500 to $11,500 for participating plaintiffs); *Bijoux v. Amerigroup N.Y.*, LLC, 2016 WL 2839797, *2 (E.D.N.Y. May

11

12, 2016) (awarding service payments between $2,000 and $10,000 to participating plaintiffs); *Fosbinder-Bittorf v. SSM Health Care of Wisconsin, Inc.*, 2013 WL 5745102, *1 (W.D. Wis. Oct. 23, 2013) (approving service payments between $5,000 and $15,000 to named and participating plaintiffs in FLSA/Rule 23 hybrid action); *Hyun v. Ippudo USA Holdings,* 2016 WL 1222347, *2 (S.D.N.Y. Mar. 24, 2016) (finding service awards representing 5% of the settlement fund are "well within the range of service awards recently approved" in FLSA cases). Accordingly, the requested service payment to the Representative Plaintiff is appropriate.

In sum, all of the relevant factors weigh in favor of approving this settlement. The Court finds the settlement reflects a reasonable compromise over issues and therefore is fair and reasonable. *See Gentrup v. Renovo Servs., LLC*, No. 1:07CV430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) ("If a settlement in an employee FLSA suit reflects 'a reasonable compromise issues', such as FLSA coverage and/or computation of back wages that are 'actually in dispute,' the Court may approve the settlement 'in order to promote the policy of encouraging settlement of litigation.'") (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). Accordingly, the Court **APPROVES** the settlement agreement.

## V. CONCLUSION

For the reasons stated above, the Joint Motion for Settlement Approval (ECF No. 39) is **GRANTED**. The Settlement Agreement (ECF No. 39-1) is **APPROVED** and the case is **DISMISSED**. The distribution of the Notice of Settlement and Claim Form and Release as outlined in the Settlement Agreement is approved and authorized. The Motion for Conditional Class Certification (ECF No. 18) is **DENIED** as moot. This Court shall retain jurisdiction over this matter for the purpose of enforcing the Settlement Agreement, including the administration

of the settlement, the addition of Eligible Settlement Members Claimants, and the distribution process. The Clerk is **DIRECTED** to close this case.

    **IT IS SO ORDERED.**

**DATED: August 18, 2021**                         /s/ *Elizabeth A. Preston Deavers*
                                                             **ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE**